NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUNJIE HU, | No.   19-70988 |
| Petitioner, | Agency No. A208-074-413 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 2, 2020[**]
Pasadena, California

Before:  BEA and BADE, Circuit Judges, and DRAIN,[***] District Judge.

Junjie Hu, a native and citizen of China, petitions for review of an order of

the Board of Immigration Appeals (BIA) affirming the decision of an immigration

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

judge (IJ) denying his claim for asylum.[1] We have jurisdiction under 8 U.S.C. § 1252. The court reviews the BIA's decision in its entirety and reviews the parts of the IJ's decision that the BIA incorporated into its decision. *Rivera v. Mukasey*, 508 F.3d 1271, 1274-75 (9th Cir. 2007). The court reviews the agency's credibility determination for substantial evidence and "may only reverse the agency's determination where 'the evidence compels a contrary conclusion from that adopted by the BIA.'" *Parada v. Sessions*, 902 F.3d 901, 908-09 (9th Cir. 2018) (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010)). We deny the petition.

1.  The agency's adverse credibility determination is supported by substantial evidence. Skepticism as to the plausibility of testimony is a proper basis for finding that testimony is inherently unbelievable. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Yali Wang v. Sessions*, 861 F.3d 1003, 1008 (9th Cir. 2017). The IJ found implausible Hu's testimony regarding the timeline of events that led to the filing of his asylum application and allowed him the opportunity to explain. The BIA upheld the IJ's determination that Hu's testimony was not plausible, and we agree. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) ("[A]n IJ

---

[1] Hu did not challenge the IJ's denials of withholding of removal and protection under the Convention Against Torture (CAT) in his appeal to the BIA. Thus, these claims were not exhausted, and we lack jurisdiction to address them here. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

must be allowed to exercise common sense in rejecting a petitioner's testimony even if the IJ cannot point to specific, contrary evidence in the record to refute it.").[2]

Without Hu's credible testimony, there is insufficient evidence in the record for Hu to meet his burden of proving eligibility for asylum, and the agency properly gave limited weight to the proffered bail receipt and summons in light of Hu's implausible testimony and the Department of State's report on documentation from China. *Cf. Lin v. Gonzales*, 434 F.3d 1158, 1162-63 (9th Cir. 2006).

2.     Substantial evidence supports the agency's determination that Hu failed to establish an objectively reasonable fear of future persecution, particularly considering the adverse credibility finding. We agree with the BIA's conclusion that Hu failed to establish an individualized risk of harm in China, making his claim of future persecution too speculative. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative).[3]

**PETITION DENIED.**

---

[2] Because we must uphold an adverse credibility determination on even one basis, we need not decide whether the agency properly found implausible Hu's explanation for never attending California State University despite entering the country on a student visa for that purpose or his testimony about his mother's travel. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).

[3] We deny Hu's Motion for Stay of Removal, Dkt. 1, as moot.